**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

DEC 1 5 2006

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

| | |
|---|---|
| MARIA de JESÚS BALTIERRA, | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civil Action No.   **06 2148** |
| | : |
| UNITED STATES DEPARTMENT | : |
| OF STATE, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

This matter is before the Court on plaintiff's motion for a temporary restraining order. For the reasons stated below, the motion will be denied.

Plaintiff is a naturalized United States citizen. Verified Emergency Petition for Temporary Restraining Order ("Pl.'s Mot.") at 1. She alleges that the United States Department of State refuses to issue a passport to replace a passport that had been lost or stolen. *Id.* at 2. According to plaintiff, the Passport Office requires that she complete a Supplemental Questionnaire, providing personal information which should not be asked of a United States citizen. *Id.* at 2, 7-8. Plaintiff claims that defendants violate her rights to equal protection and due process, rendering her "a prisoner in her own country." *Id.* at 7. She demands an order enjoining defendants from harassing and intimidating her, and directing defendants to issue a replacement passport immediately so that she can accompany her elderly mother on a trip to England on or about December 14, 2006. *Id.* at 5, 9.

1

Injunctive relief is an extraordinary remedy, and plaintiff bears a substantial burden to obtain it. *See, e.g., Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). To prevail on her motion for injunctive relief, plaintiff must "demonstrate 1) a substantial likelihood of success on the merits, 2) that [she] would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *Katz v. Georgetown Univ.*, 246 F.3d 685, 687 (D.C. Cir. 2001) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). The Court "balance[s] the strengths of the requesting party's arguments in each of the four required areas. If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." *CityFed Fin. Corp.*, 58 F.3d at 747.

The Court has reviewed plaintiff's submissions and concludes that she shows neither a substantial likelihood of success on the merits nor any irreparable harm. A passport is the property of the United States government, and, absent State Department authorization, no person shall have more than one valid or potentially valid passport at any one time. *See* 22 C.F.R. §§ 51.3, 51.9. The State Department has an interest in ensuring that passports are issued and used appropriately. *Cf. Lynd v. Rusk*, 389 F.2d 940, 947 (D.C. Cir. 1967) (recognizing passport as official government document, allowing "considerable Governmental control over where and in what ways that document is used"). The Court understands plaintiff's personal desire to accompany her elderly mother overseas, but her apparent inability to do so at this time does not constitute an irreparable injury. Any economic harm plaintiff may suffer if she were to cancel

2

her trip is not considered an irreparable injury. *Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985) (economic loss is insufficient to demonstrate irreparable injury); *Trudeau v. Federal Trade Comm'n*, 384 F.Supp.2d 281, 297 (D.D.C. 2005) ("Purely financial harm that can be recovered after a full trial on the merits is not 'irreparable' – the harm must be one for which there is no other adequate remedy at law.").

Accordingly, it is hereby

ORDERED that plaintiff's application to proceed *in forma pauperis* is GRANTED. It is further

ORDERED that plaintiff's "Verified Emergency Petition for Temporary Restraining Order" is DENIED. It is further

ORDERED that the Clerk of Court shall assign this case randomly to a judge for further proceedings.

SO ORDERED.

Gladys Kessler
United States District Judge

Date: Dec, 15, 2006

3